IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PRITIRED 1, LLC, PRINCIPAL LIFE INSURANCE COMPANY, TAX MATTERS PARTNER, and PRINCIPAL LIFE INSURANCE COMPANY | ) ) ) ) ) | **ANSWER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 4:08-cv-00082-JAJ-TJS |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) | |

Defendant the United States of America, for its Answer to the Complaint filed in this case, admits, denies and alleges as follows:

**FIRST DEFENSE**

The Court lacks jurisdiction over every claim in the Complaint except the claims pleaded in Counts I and II, seeking judicial review of the Notice of Final Partnership Administrative Adjustment (FPAA), under 26 U.S.C. § 6226(a)(2).

**SECOND DEFENSE**

1. Admits that the Court has jurisdiction to review the adjustments made in the FPAA, under 26 U.S.C. § 6226 and 28 U.S.C. § 1346(e). Denies the remaining allegations of ¶ 1.

2 - 4. Admits.

5. Admits that Principal and Citicorp North America, Inc. were the sole and equal members of Pritired. Denies the remaining allegations of ¶ 5.

6. Admits the allegations of the first, second and fourth sentences of ¶ 6. Lacks sufficient information to enable it to form a belief as to the truth of the remaining allegations of ¶ 6.

7. Restates its responses to ¶¶ 1-6 of the Complaint.

8. Admits.

9. Admits that on December 20, 2007, the Internal Revenue Service issued to Principal as Tax Matters Partner of Pritired a Notice of Final Partnership Administrative Adjustment (FPAA) for the taxable years ended December 31, 2002 and 2003. Admits the allegations of the second and third sentences of ¶ 9. Denies the remaining allegations of ¶ 9.

10. Denies.

11. Admits that as a result of its determination that Pritired was not entitled to claim an allocation of foreign taxes under §702(a)(6) with respect to French income taxes allegedly paid by certain French entities in which Pritired claims to have invested, the Internal Revenue Service in the FPAA disallowed Pritired's claimed share of foreign taxes allegedly paid or accrued for the year 2002 in the amount of $24,370,399. Admits that that disallowance has the effect of disallowing foreign tax credits claimed by the purported partners of Pritired for 2002. Denies the remaining allegations of ¶ 11.

12. Denies.

13. Restates its responses to ¶¶ 1-6 and 8-10 of the Complaint.

14. Admits that as a result of its determination that Pritired was not entitled to claim an allocation of foreign taxes under § 702(a)(6) with respect to French income taxes allegedly paid by certain French entities in which Pritired claims to have invested, the Internal Revenue

Service in the FPAA disallowed Pritired's claimed share of foreign taxes allegedly paid or accrued for the year 2003 in the amount of $18,217,557. Admits that that disallowance has the effect of disallowing foreign tax credits claimed by the purported partners of Pritired for 2003. Denies the remaining allegations of ¶ 14.

15. Denies.

16. Restates its responses to ¶¶ 1-6 of the Complaint.

17. Admits that Principal is a 50% member of Pritired, and that it files Count III of the Complaint in that capacity on its own behalf. Denies the remaining allegations of ¶ 17.

18 - 20. Denies.

21. Denies. Alleges that the Internal Revenue Service has never issued a notice to Principal or to Pritired under 26 U.S.C. § 6231(b)(1).

22. Admits that on or about August 16, 2007, Principal filed with the Internal Revenue Service Center at Ogden, Utah a Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request, for the taxable year ended December 31, 2002. Alleges that Principal filed the Form 8082 as it related to the adjustment arising from a report the Internal Revenue Service made to the Congressional Joint Committee on Taxation. Denies the remaining allegations of ¶ 22.

23 - 26. Denies.

27. Restates its responses to ¶¶ 1-6 of the Complaint.

28. Admits that Principal is a 50% member of Pritired, and that it files Count IV of the Complaint in that capacity on its own behalf. Denies the remaining allegations of ¶ 28.

29 - 30. Denies.

31.     Denies.  Alleges that the Internal Revenue Service has never issued a notice to Principal or to Pritired under 26 U.S.C. § 6231(b)(1).

32.     Denies.

33.     Admits that on or about August 16, 2007, Principal filed with the Internal Revenue Service Center at Ogden, Utah a Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request, for the taxable year ended December 31, 2002.  Alleges that Principal filed the Form 8082 as it related to the adjustment arising from a report the Internal Revenue Service made to the Congressional Joint Committee on Taxation.  Denies the remaining allegations of ¶ 33.

34 - 37.     Denies.

38.     Denies generally each and every allegation of the complaint not specifically admitted, qualified or denied above.

WHEREFORE, the United States prays that the Court:

(1)    Deny all relief sought in the complaint;

(2)    Affirm the adjustments made by the Internal Revenue Service in the FPAA issued to Pritired December 20, 2007;

(3)    Award the United States its costs in defending this lawsuit; and

(4)    Grant such other relief as is just.

Dated: June 19, 2008

        Respectfully submitted,

s/ Stuart D. Gibson
STUART D. GIBSON
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
Post Office Box 403
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6586
Facsimile:   (202) 307-2504
E-mail: Stuart.D.Gibson@usdoj.gov
Lead Counsel for Defendant

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 19th day of June 2008, a true and correct copy of the foregoing **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was forwarded via electronic mail to the following:

> Bruce Graves, Esq.
> William C. Brown, Esq.
> Brown, Winick, Graves, Gross, Baskerville and Schoenbaum, PLC
> 666 Grand Avenue, Suite 2000
> Des Moines, IA  50309

>                                        s/ Stuart D. Gibson
>                                        STUART D. GIBSON
>                                        Senior Litigation Counsel, Tax Division
>                                        U.S. Department of Justice
>                                        Post Office Box 403
>                                        Ben Franklin Station
>                                        Washington, D.C.  20044
>                                        Telephone:  (202) 307-6586
>                                        Facsimile:  (202) 307-2504
>                                        E-mail: Stuart.D.Gibson@usdoj.gov
>                                        Lead Counsel for Defendant